IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**CAROL JEAN ARNETTE,**

   **Petitioner,**

v.                 **Criminal Action No. 4:01cr16**
                 **Civil Action No. 4:04cv122**

**UNITED STATES OF AMERICA,**

   **Respondent.**

## ORDER

   Pending before the court is a Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Carol Jean Arnette ("the petitioner"), on September 27, 2004. The petition raises various claims of ineffective assistance of counsel. In reliance on the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the petitioner also requests leave to file a supplemental brief arguing the impact of <u>Blakely</u> on her sentence and suggesting that her sentence was improperly enhanced.[1] The court ordered the government to file an answer or other pleading in response to the petition, and the government filed a motion to dismiss the petition because the claims therein are untimely. In reviewing the record, the court finds that this petition is time-barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] The petition does not reference the Supreme Court's more recent decision <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which applied the precepts articulated in <u>Blakely</u> to the federal sentencing guidelines. As it was the <u>Booker</u> decision that concerns the constitutionality of the federal sentencing guidelines, the court assumes arguendo that the petitioner would also intend to rely upon <u>Booker</u> had that decision been available when the petition was filed.

("AEDPA").  Accordingly, for the reasons set forth herein, the court **GRANTS** the government's motion to dismiss this petition.

I. Background

On May 2, 2001, the petitioner pled guilty to one count of an indictment charging her with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841.  On August 2, 2001, the court sentenced the petitioner to a term of 120 months imprisonment and a five (5) year period of supervised release.  The petitioner did not seek a direct appeal of her conviction or sentence to the United States Court of Appeals for the Fourth Circuit.[2]

On April 14, 2003, the petitioner filed a motion seeking to compel the government to file a motion on her behalf pursuant to Federal Rule of Criminal Procedure 35(b).  The court denied this motion on May 23, 2003, and the petitioner appealed.  On September 11, 2003, the Court of Appeals affirmed the denial of the petitioner's motion.  See United States v. Arnette, 75 Fed. Appx. 915, 2003 WL 22211927 (4th Cir. 2003).  The petitioner did not seek further review of this decision, and the Court of Appeals issued its mandate on October 17, 2003.

Following the filing of the instant petition on September 27, 2004, the court, on October 5, 2004, ordered the government to file an answer or other pleading.  The court's order further informed the petitioner that she could respond to the government's answer within twenty (20)

---

[2]The court also notes that the plea agreement entered into between the petitioner and the government contained a provision whereby the petitioner waived her right to challenge her conviction or sentence through a collateral attack.  The United States Court of Appeals for the Fourth Circuit has recently considered the effect of such a waiver and has determined that, if entered into knowingly and voluntarily, the waiver is binding.  See United States v. Lemaster, No. 04-668 (4th Cir. Apr. 11, 2005).  The government has not raised the issue of this waiver in its response and, as the petitioner contends her plea was, in fact, not entered into voluntarily, the court does not address the matter further.

days of receipt of that answer. On November 2, 2004, the government filed its response, urging the court to dismiss the petition because it was not timely filed. The government's response included a certificate of service certifying that a copy had been sent to the petitioner at her place of incarceration.

On March 25, 2005, the petitioner filed a pleading entitled "Motion for Default/Summary Judgment." This motion was filed subject to default as it was filed out of time. In this motion, the petitioner claims that she did not receive a response from the government that conformed to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings. Accordingly, the petitioner claims that her claims are uncontested and the instant petition should be granted. The petitioner did submit a certificate of service indicating that the March 25, 2005 motion had been sent to the Clerk's Office and including a notation indicating a carbon copy to the United States Attorney's Office; however, it is not clear from the certificate of service if this motion was ever sent by the petitioner to the United States Attorney's Office. The certificate of service only contains the petitioner's certification that this motion was sent to the Clerk's Office.

Although the court will consider the petitioner's late-filed March 25, 2005 motion, the court observes that the petitioner is incorrect in asserting that the response filed by the government did not conform to Rule 5 of the Rules Governing Section 2255 Proceedings. The government's response fully addresses the allegations in the petition, in compliance with Rule 5, by urging for the dismissal of the petition in reliance on the statute of limitations dictated in the AEDPA. See Rule 5, Rules Governing Section 2255 Proceedings; 28 U.S.C. § 2255.

II. Discussion

A petitioner collaterally attacking her sentence or conviction bears the burden of proving

3

that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  See 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255.  The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions.  See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction).  Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions.  In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The congressionally intended purpose behind the limitation period provided

in the AEDPA is to reduce delays in the execution of sentences and further the principles of finality.  See Woodford v. Garceau, 538 U.S. 202, 206 (2003) (explaining congressional intent of AEDPA).

The government's response to the petition provided the petitioner with the necessary notice to address the issue of timeliness.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (providing that habeas petition must be given opportunity to respond to issue of timeliness before petition is dismissed sua sponte).  The government petitioner argues that the only date that applies for determining the triggering of the limitation period is the finality of the petitioner's conviction.  The government maintains that the petitioner's unappealed conviction became final on the date of the imposition of her sentence.  See United States v. Sanders, 247 F.3d 139,142-144 (4th Cir. 2001) (noting that unappealed conviction is final on date of imposition).  Thus, the government concludes that the instant petition is untimely because it was filed more than one year after the petitioner's conviction became final.

The court agrees that none of the other triggering dates listed in section 2255 apply to activate the one-year limitation.  From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing her section 2255 motion at an earlier date.  In addition, the claims are based on facts that would have been known to the petitioner at the conclusion of her sentencing.

Furthermore, even assuming arguendo that the petitioner, in attempting to salvage the lateness of her petition, would rely on the impact of Blakely and Booker on the federal sentencing guidelines, these decisions do not have the retroactive effect that would permit a finding of timeliness.  Under section 2255, a petitioner can attempt to show that the Supreme

5

Court has announced a new rule that is retroactive to cases on collateral review. See United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004). Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255, paragraph 6(3). Assuming that the decisions announced in Blakely and Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Blakely, and extended to the federal sentencing guidelines in Booker, is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which both Blakely and Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague v. Lane, 489 U.S. 288, 311 (1989). The rule announced in Blakely and Booker is not such a watershed change. As the Seventh Circuit recently described:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an

>approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application.

McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. Feb. 2, 2005).

Accordingly, the court determines that neither Blakely nor Booker apply retroactively and that these decisions cannot be used to trigger the one-year limitation period for filing a timely section 2255 petition. There is nothing in either Blakely or Booker to suggest that the Supreme Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review.  This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker.  See id.; Lilly, 342 F. Supp. at 538-39 n.5 (citing cases).  Thus, considering that Blakely does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final.  See 28 U.S.C. § 2255.

The court does, however, disagree with the government that the petitioner's conviction became final on the date it was imposed.  In Clay v. United States, 537 U.S. 522 (2003), the Supreme Court determined that a conviction becomes final under section 2255 when the time for pursuing a petition for certiorari of an unsuccessful appeal expires.  See Clay v. United States, 537 U.S. 522, 524 (2003).  Although the Court was addressing the finality of a conviction from the vantage of a petitioner who had timely, albeit unsuccessfully, pursued a direct appeal but failed to file a petition for certiorari, the reasoning extends to situations in which a petitioner either fails to pursue a direct appeal or does so in an untimely fashion.  See id. at 527 (noting that finality attaches when the time for seeking review expires).

In the situation where no appeal has been noticed, the judgment of conviction becomes

final when the time for noticing a direct appeal expires. See Sanders, 247 F.3d at 142-144 (4th Cir. 2001); Alston v. United States, 235 F. Supp. 2d 477, 478 (D.S.C. 2002) (stating that conviction becomes final ten days after sentencing if no appeal is noticed). Thus, the court finds that, for the purposes of the AEDPA, the petitioner's conviction became final ten days following the entry of judgment, when her right to a direct appeal expired. See Fed. R. App. P. 4(b). Judgment was entered against the petitioner on August 2, 2001, thus, the conviction became final ten days later on August 16, 2001. See Fed. R. App. P. 4(b), 26. Her one-year period in which to file a section 2255 motion expired on August 17, 2002. Thus, the instant petition, which was filed on September 27, 2004, is untimely by over two years.

The petitioner did ultimately file an appeal of this court's denial of her motion to require the government to file a Rule 35(b) motion; however, the finality of the petitioner's conviction was not altered by this motion or by the action of Court of Appeals in affirming its denial. The petitioner appealed the denial of this court's motion, not the judgment order that found her guilty and issued her sentence. See United States v. Dodson, 291 F.3d 268, 272 (4th Cir. 2002) (noting that judgment of conviction includes both adjudication of guilt and sentence). As it is the finality of the conviction that determines whether a motion pursuant to section 2255 is timely, the petitioner's more recent effort regarding a Rule 35(b) motion does not have an effect on the timeliness of his section 2255 motion.

The court does recognize that it does have the authority to toll the application, under equitable principles, of the statute of limitations for a section 2255 petition. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The Fourth Circuit has held that the doctrine of equitable tolling is generally appropriate in two distinct situations: where the petitioner was

prevented from asserting his claim by some wrongful conduct on the part of the government or where some extraordinary circumstances beyond the petitioner's control made it impossible to file the claims in a timely manner. Id. at 330.

Principles of equitable tolling do not extend to garden variety claims of excusable neglect. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As the petitioner has made no claim that a government impediment caused her failure to file a timely petition, equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris, 209 F.3d at 330). Even assuming that the petitioner seeks to rely on the Supreme Court decisions in Booker and Blakely, such reliance does not constitute grounds for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (discussing limited grounds available for equitable tolling); see also United States v. Sosa, 364 F.3d 507, 513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable tolling was justified).

The petitioner has demonstrated no extraordinary circumstances beyond excusable neglect that would explain her untimely filing. See Rouse, 339 F.3d at 246. As her petition was filed shortly after Blakely was issued, it appears that timeliness of the petition implicitly relies upon on the retroactive operation of Blakely and Booker. As these decisions do not have the retroactive effect, the court finds that it is "indisputably clear" that the petitioner is untimely. Hill, 277 F.3d at 701.

### III. Conclusion

Pursuant to the limitation period prescribed in the AEDPA, the petition filed on September 27, 2004 is **DISMISSED**. For the reasons already discussed, there is no need to allow the petitioner leave to file a supplemental brief discussing the application of Blakely v. Washington to her claims, as neither Blakely or Booker have retroactive application. Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that she may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner, to the petitioner's trial counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 2nd, 2005